## The People of the State of Illinois ex rel., Maclay Hoyne, State's Attorney, Appellee, v. Michael Hennessey et al., Appellants.

### Gen. No. 20,056.

1.  QUO WARRANTO, § 1*—*nature of remedy.* The office of an information in the nature of a quo warranto is not to tender any issue of fact, but simply to call upon the defendant, in general terms, to show by what warrant the office or privilege is held and exercised.

2.  QUO WARRANTO, § 45*—*sufficiency of plea.* The respondent, by his plea, must either disclaim or justify. If he seeks to justify he must do so fully and specifically; must show upon the face of his plea such facts as, if true, will vest in him the legal title to the office.

3.  QUO WARRANTO, § 54*—*burden of proof.* The burden of proving his title rests on the respondent, and if he fails to establish his title by proof, the State is entitled to judgment against him.

4.  QUO WARRANTO, § 56*—*when People entitled to judgment.* In a quo warranto proceeding where respondents attempt to justify by a plea which is traversed by a replication, failure of respondents to offer evidence in support of their plea entitles the People to a judgment against them.

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 22, 1913. Rehearing denied January 5, 1914.

GEORGE E. BRANNAN, for appellants.

SAMUEL K. MARKMAN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

October 15, 1912, Wayman, State's Attorney of Cook county, filed in the Circuit Court a petition for leave to file an information in the nature of a quo warranto in the name of the People of the State of Illinois, at the relation of Draper, Welch and Pelsma, trustees of the village of Franklin Park, against Hen-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

nessey, Craig and Eiler, requiring them to show by what warrant they claimed to hold and execute respectively the office of trustee of the said village. The court granted leave to file the information and it was filed the same day. The information states that the State's Attorney for the People of the State of Illinois and in their name and by their authority, at the relation of Draper, Welch and Pelsma, gives the court to understand, etc., that Hennessey, Craig and Eiler hold and execute, without any warrant, right or lawful authority, the respective offices of village trustee of the village of Franklin Park, and prays that they may be required to answer to the People of the State of Illinois by what warrant they claim to hold and execute said offices, etc. The information was signed by the State's Attorney and bears also the name of the present attorney for appellee as "of counsel." January 15, 1913, the respondents filed what is called in the abstract a "plea of justification," to which was filed January 30 a replication in the name of the People of the State of Illinois. Neither the plea of justification nor the replication follow the form of common law pleading, but we will treat the "plea of justification" as a plea disregarding the technical distinction between a plea and answer, as was done in *People ex rel. Burgess v. Percells,* 8 Ill. (3 Gil.) 59. February 6 the respondents obtained leave to rejoin in five days and the cause was set for trial March 3. No rejoinder was filed nor was any further action taken in the case until March 25, when Hoyne, then State's Attorney, entered his appearance in lieu of Wayman, whose term had expired. On the same day a stipulation was filed signed by an assistant State's Attorney and by the attorney of the respondents, that the cause be continued to April 16, but no order continuing the cause was made by the court. March 25 the respondents moved that the cause be continued and the court postponed the trial until March 31. On that day the respondents again moved to continue the cause and the

court denied their motion. Then followed various motions by respondents, including a motion to dismiss, another for leave to withdraw the answer and demur, all of which were denied. The respondents offered no evidence and the court gave judgment ousting the respondents from the office of trustee. The judgment order contains a finding that the relators were at the time of the filing of the information and still were village trustees of the village of Franklin Park, but there was no order or judgment that the relators be installed in or restored to their respective offices as trustee. From the judgment the respondents appealed to the Supreme Court and the cause was by that court transferred to this court.

No evidence was offered tending to show that the proceeding was different from what it purported to be, that is, one begun in good faith by a public officer in the name and on behalf of the People. We find no cause to reverse the judgment because the court refused to further postpone the trial of the cause under the circumstances shown by the record, nor because of the finding in the judgment order that the relators were trustees of the village of Franklin Park, nor because the court refused to dismiss the cause on the ground that the relators were represented by Mr. Markman, whose name appears on the information as of counsel for the petitioner.

The office of an information in the nature of a quo warranto is not to tender any issue of fact, but simply to call upon the defendant, in general terms, to show by what warrant the office or privilege claimed is held and exercised. The respondent by his plea must either disclaim or justify. If he seeks to justify he must do so fully and specifically; must show upon the face of his plea such facts as, if true, will vest in him the legal title to the office. The burden of proving his title rests on the respondent, and if he fails to establish his title by proof, the State is entitled to a judgment against him. In this case the respondents by

their plea attempted to justify. The replication traversed the plea, the respondents offered no evidence in support of their plea and the People were entitled to a judgment against them. This conclusion makes it unnecessary to consider many of the questions argued in the briefs.

The judgment of the Circuit Court is affirmed.

*Affirmed.*